UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  MARIANNE MEHALSHICK,  :  Case No. 18-13758REF
       Debtor  :  Chapter 13

# OPINION IN SUPPORT OF SEPTEMBER 27, 2018 ORDER DENYING DEBTOR'S MOTION TO RECONSIDER

On July 9, 2018, Housing Opportunity Partners REO, LLC ("HOP"), filed its Motion for Relief from the automatic stay. On July 24, 2018, Debtor's counsel filed Debtor's opposition to the Motion for Relief. In her response to paragraph 4, Debtor denied as a legal conclusion that HOP is the legal owner of the property at issue. This issue, however, was not seriously in dispute. The sheriff granted a deed to HOP and HOP recorded the sheriff's deed on September 17, 2013. In Debtor's response to the Motion for Relief, moreover, Debtor admitted that (1) HOP had moved for possession of the property at issue in 2014[1] and (2) on April 19, 2016, the state court entered judgment for possession in favor of HOP and against Debtor.[2] Finally, Debtor also admitted that an ejectment proceeding against her had been scheduled to commence on May 24, 2016.[3] Debtor admitted that she had appealed to the Superior Court of Pennsylvania the ultimate judgment

---

[1]    Thereby effectively acknowledging that HOP had obtained the judgment against Debtor, had obtained the deed from the sheriff, and owned the property.
[2]    See fn. 1.
[3]    See fn. 1.

1

against her for possession of the property. On June 8, 2018, the Superior Court denied Debtor's appeal, and the Court certified that Debtor's appeal was discontinued on July 6, 2018. Also on July 6, 2018, Debtor filed her petition initiating her bankruptcy.[4]

HOP's Motion for Relief was originally scheduled to be heard on August 1, 2018. The hearing was continued to August 16, 2018 at the request of the parties. The day before the continued hearing, Debtor's counsel filed a written request to continue the hearing because Debtor had told them only that day that the sheriff's sale had been obtained through alleged fraud and other illegal conduct by HOP's counsel. Counsel made no explanation of why Debtor had not given the information to either the Court or counsel or both at the start of the case in June 2018. Neither did counsel explain why the alleged conduct had not been presented to the state court that had entered the orders.[5] Neither did counsel explain why their response to the Motion for Relief contained no mention whatsoever about the alleged fraud. The source and sole basis of the allegation of HOP's bad conduct was Debtor, whom counsel could have presented as a witness at the hearing

---

[4] This was not Debtor's first bankruptcy. She has filed the following eight bankruptcies: Nos. 98-24501 (dismissed), 00-24039 (dismissed), 03-22068 (dismissed), 06-21732 (dismissed), 07-21329 (dismissed), 10-23525 (dismissed), 12-12268 (dismissed), and 18-13758 (this case – the Trustee's pending motion to dismiss this case is awaiting resolution of this dispute).

[5] HOP later revealed, in the hearing on the Motion To Reconsider, that Debtor's claim of fraud had been presented to the Pennsylvania Superior Court, which considered it and then rejected Debtor's appeal.

2

scheduled the next day. I considered and then denied counsel's request for a continuance.

On August 16, 2018, I conducted a hearing on the Motion for Relief. Both Debtor's counsel and HOP's counsel appeared by telephone and made it clear that the hearing was procedurally more of an argument. I agreed. Debtor did not attend the hearing, but I reiterate that her counsel did appear by telephone. I considered the information and arguments presented by both counsel, made my decision, and signed my Order granting HOP's Motion for Relief that day.

Debtor filed her pro se (counsel apparently had nothing to do with it) Motion To Reconsider my August 16 Order on August 30, 2018; HOP responded on September 10, 2018, by opposing reconsideration. I conducted the hearing on Debtor's Motion To Reconsider on September 27, 2018, after which I entered my Order denying Debtor's Motion. On October 9, 2018, Debtor filed her pro se (again, counsel apparently has nothing to do with it) appeal from my denial of her pro se Motion To Reconsider. I file this brief Opinion pursuant to Local Bankruptcy Rule 8003-1 in support of my September 27, 2018 Order denying Debtor's Motion To Reconsider.

During the September 27 hearing, Debtor made two arguments. First, she stated repeatedly that she wanted the automatic stay reimposed so she could

3

have an opportunity to litigate her argument in state court. She described how the state court foreclosure judgment entered against her was fraudulently obtained. I responded to Debtor's statements by advising her that, because the automatic stay had been terminated by my August 16, 2018 Order, she was free to raise any and all of her arguments in the state court without the need for further action by me.[6] Her second argument was to have me hear the merits of her fraud claims and substitute my judgment for that of the state court judges.

Both Debtor and counsel for HOP advised me during the September 27 hearing that the mortgage foreclosure complaint had been filed sometime in 2006. The parties have been litigating this matter in one form and forum or another for the 12 years following that date. In addition, counsel for HOP stated without contradiction that Debtor had defaulted in her mortgage in 2004 and was delinquent on her mortgage continuously for 14 years. Counsel for HOP also stated that Debtor had raised her claim that the foreclosure judgment was fraudulently obtained in her Superior Court appeal. Debtor disputed this statement. Counsel for HOP produced a copy of Debtor's Superior Court brief that her counsel had filed. The brief was Exhibit A attached to HOP's response to the Motion To Reconsider, see Brief For Appellant, Marianne Mehalshick, et. al., 1465 EDA 2016, filed with

---

[6]    Because Debtor is free to return to state court to raise this issue, and any other issue, without further intervention by me, there was and is no need for me to reconsider my September 27 Order on that basis.

4

the Pennsylvania Superior Court, at pp. 16-17. This exhibit clearly corroborated counsel's claim that the allegation of fraud had been presented to the Superior Court. The Superior Court rejected Debtor's appeal in its Judgment Order filed on June 8, 2017, finding that Debtor had waived her right to raise the issues argued in her appeal.

Debtor was seeking to have me act as an appellate court to reverse the decisions of the state trial court and the Superior Court. I advised the parties during the September 27 hearing that I lacked jurisdiction, pursuant to the Rooker-Feldman doctrine, to entertain Debtor's request.[7] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, (1923). See Gage v. Wells Fargo Bank, 521 Fed. Appx. 49, 50-51 (3d Cir. 2013)(bankruptcy court lacks jurisdiction under Rooker-Feldman doctrine to rule on a debtor's claim that a state court foreclosure judgment was fraudulently obtained); Great Western Mining and Mineral Co. v. Fox Rothschild, LLP., 615 F.3d 159, 166 (3d Cir. 2010). I therefore denied Debtor's Motion To Reconsider and signed the September 27, 2018 Order at the conclusion of the hearing. As I had explained to Debtor, she remains unconstrained by the Bankruptcy Code from

---

[7] I also stated that collateral estoppel and res judicata might also bar the relief Debtor is seeking. The record before me at the hearing, however, was insufficient for me to fully and properly analyze those issues. Any such analysis would have been improper because I lack jurisdiction under the Rooker-Feldman doctrine to consider Debtor's request for relief.

returning to the state court to raise any issues relating to the alleged fraud relating to the mortgage foreclosure judgment. Beyond that, she is permitted to press any other issue in state court at this time, because I granted relief from the automatic stay in my August 16, 2018 Order.

I enter this Opinion in support of my September 27, 2018 Order denying Debtor's Motion To Reconsider.[8] Rooker-Feldman barred and bars me from hearing Debtor's claims because: (1) Debtor lost in state court; (2) Debtor complains of an injury caused by the state court judgment; (3) the state court judgment was rendered before the bankruptcy case was filed; and (4) Debtor invites me to review and reject the state court decisions. Gage, 521 Fed. Appx. 50-51; Great Western, 615 F.3d at 166. Debtor may, however, raise her claims in state court without the need for further intervention by me.[9]

DATE: October 12, 2018

BY THE COURT

*[signature]*

RICHARD E. FEHLING
Chief United States Bankruptcy Judge

---

[8] I had addressed and questioned Debtor at length during the hearing on her Motion To Reconsider about her raising these issues in state court and my inability to act as an appellate court overseeing the state court decisions. The transcript of the hearing will reveal further support for the September 27 Order in my colloquy and questioning the parties. No written transcript of the hearing has been prepared, but we listened to the oral record of the hearing.

[9] I have stated that Debtor has the right to return to state court to press her claims in defense of HOP's further efforts to obtain her property. By that statement, I do not mean to say that I have evaluated in any respect whether Debtor's claims of fraud do or do not have any merit whatsoever. I have made no such determination.