UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
THE MADISON
400 WASHINGTON STREET
SUITE 300
READING, PA  19601

Timothy B. McGrath
Clerk

Telephone
(610) 208-5040

December 12, 2018

Re:    Marianne Mehalshick
Bankruptcy No.: 18-13758-ref
Civil Action No. 18-4354

Dear Ms. Barkman:

We herewith transmit the following document(s) filed in the above matter(s), together with a copy of the docket entries:

() Certificate of Appeal from Order entered October 3, 2017, by the Honorable Richard E. Fehling.
    Notice of appeal filing fee (**X**)paid    ( )not paid

( ) Designation of Record on Appeal Filed
(**X** ) Designation of Record on Appeal Not Filed

( ) Supplemental certificate of appeal.

( ) Motion for leave to appeal filed ( ).
    ( ) Answer to motion filed ( ).

( ) Proposed findings of fact and conclusions of law entered ( ) by the Honorable( ).
    ( ) Objections filed ( ).

( ) Report and recommendation entered ( ) by the Honorable ( ).

    ( ) Objections filed ( ).

( ) Original record transferred to the District Court pursuant to the order of the Honorable ( ).

( ) Other:

Kindly acknowledge receipt on the copy of the letter provided.

For the Court

Timothy B. McGrath
Clerk

By: /s/ Sara I. Roman_____
    Deputy Clerk

Received Above material or record tile this _____ day of _____, 20       .

Civil Action No. _____          Signature:_____

Miscellaneous No. _____          Date: _____

Assigned to Judge _____                          BFL5.frm(rev 2/15)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:  Marianne Mehalshick,                 :              Chapter 13

                                             :              Bankruptcy No.18-13758-ref

                                             :              Civil Action No. 18-4354

**CERTIFICATE OF APPEAL FROM**
**ORDER OF THE BANKRUPTCY JUDGE DATED SEPTEMBER 27, 2018**
**ENTERED ON THE DOCKET SEPTEMBER 27, 2018**

   I, Timothy B. McGrath, Clerk of the United States Bankruptcy Court, Eastern District of Pennsylvania, herewith electronically transmit the record on appeal filed October 9, 2018, and certify that the above proceeding was properly before the Honorable Bankruptcy Judge Richard E. Fehling.

                                             For the Court

                                             Timothy B. McGrath, Clerk

                                             By:  /s/Sara I. Roman
                                                  Deputy Clerk

Parties/Counsel of Record:

Marianne Mehalshick
234 James Avenue
Northampton, PA 18067
*Debtor/Appellant*

Stephen G. Bresset, Esq.
Bresset & Santora, LLC
606 Church Street
Honesdale, PA 18431
*Counsel for Debtor*

Rebecca Ann Solarz
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106
*Counsel for Creditor,* Green River Capital, as servicer *&*
*Housing Opportunity Partners REO, LLC*


Kevin G. McDonald
KML LAW GROUP, P.C.
701 Market St. Suite 5000
Philadelphia, PA 19106
*Counsel for Creditor, Housing Opportunity Partners REO, LLC*


Matthew K. Fissel
KML LAW GROUP, P.C.
701 Market St. Suite 5000
Philadelphia, PA 19106
*Counsel for Creditor, Housing Opportunity Partners REO, LLC*


William Miller
Interim Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA 19606
*Chapter 13 Trustee*


Dave P. Adams
United States Trustee
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
*US Trustee*

Repeat−PAEB, RepeatPACER, APPEAL

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Reading)
### Bankruptcy Petition #: 18−13758−ref

*Assigned to:* Chief Judge Richard E. Fehling
Chapter 13
Voluntary
Asset

*Date filed:* 06/06/2018
*Deadline for filing claims:* 08/15/2018
*Deadline for filing claims (govt.):* 12/03/2018

*Debtor*
**Marianne Mehalshick**
234 James Avenue
Northampton, PA 18067
NORTHAMPTON−PA
SSN / ITIN: xxx−xx−4879

represented by **STEPHEN G. BRESSET**
Bresset & Santora, LLC
606 Church Street
Honesdale, PA 18431
(570) 253−5953
Email: sbresset@bressetsantora.com

*Trustee*
**FREDERICK L. REIGLE**
Chapter 13 Trustee
2901 St. Lawrence Avenue
Suite 100
Reading, PA 19606
610−779−1313
*TERMINATED: 07/18/2018*

*Trustee*
**WILLIAM MILLER\*R**
Interim Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA 19606
610−779−1313

represented by **WILLIAM MILLER\*R**
Interim Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA 19606
610−779−1313
Email: ecfemail@FredReigleCh13.com

*U.S. Trustee*
**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
(215) 597−4411

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 06/06/2018 | | 1 | Chapter 13 Voluntary Petition for Individual . Fee Amount $310 Filed by Marianne Mehalshick. Incomplete Filings due by 6/20/2018. Atty Disclosure Statement due 6/20/2018. Chapter 13 Plan due by 6/20/2018. Schedules AB−J due 6/20/2018. Statement of Financial Affairs due 6/20/2018. Summary of Assets and Liabilities Form B106 due 6/20/2018.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C−1 Due 6/20/2018. Government Proof of Claim Deadline: 12/3/2018. (BRESSET, STEPHEN) Modified on 6/7/2018 (R., Sara). (Entered: 06/06/2018) |

| | | | |
|---|---|---|---|
| 06/06/2018 | | 2 | Statement of Social Security Number Received. Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/06/2018) |
| 06/06/2018 | | 3 | Certificate of Credit Counseling Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/06/2018) |
| 06/06/2018 | | 4 | Notice to Individual Debtor Primarily Consumer Debts Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/06/2018) |
| 06/06/2018 | | 5 | Matrix Filed. Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick . (R., Sara) (Entered: 06/07/2018) |
| 06/06/2018 | | 6 | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed: Any request for an extension of time must be filed prior to the expiration of the deadlines listed. Incomplete Filings due by 6/20/2018. Atty Disclosure Statement due 6/20/2018. Chapter 13 Plan due by 6/20/2018. Schedules AB−J due 6/20/2018. Statement of Financial Affairs due 6/20/2018. Summary of Assets and Liabilities Form B106 due 6/20/2018.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C−1 Due 6/20/2018 (R., Sara) (Entered: 06/07/2018) |
| 06/07/2018 | | | FREDERICK L. REIGLE added to case. (R., Sara) (Entered: 06/07/2018) |
| 06/08/2018 | | | Receipt of Voluntary Petition (Chapter 13)(18−13758) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 20253044. Fee Amount $ 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/08/2018) |
| 06/08/2018 | | 7 | Order Revising the June 6, 2018, Order Requiring the Filing of Bankruptcy Documents (related document(s)6). IT IS HEREBY ORDERED that:1. This case MAY BE DISMISSED WITH PREJUDICE WITHOUT FURTHER NOTICE if the documents described in the Prior Order are not filed on or before June 22, 2018. (R., Sara) (Entered: 06/08/2018) |
| 06/09/2018 | | 8 | BNC Certificate of Mailing − Voluntary Petition. Number of Notices Mailed: (related document(s) (Related Doc # 6)). No. of Notices: 1. Notice Date 06/09/2018. (Admin.) (Entered: 06/10/2018) |
| 06/10/2018 | | 9 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 7)). No. of Notices: 1. Notice Date 06/10/2018. (Admin.) (Entered: 06/11/2018) |
| 06/14/2018 | | 10 | Notice of Appearance and Request for Notice by REBECCA ANN SOLARZ Filed by REBECCA ANN SOLARZ on behalf of Green River Capital as servicer for Housing Opportunity Partners REO, LLC. (SOLARZ, REBECCA) Modified on 6/15/2018 (R., Sara). (Entered: 06/14/2018) |
| 06/15/2018 | | | Corrective Entry re: Notice of Appearance and Request for Notice Filed by REBECCA ANN SOLARZ on behalf of Green River Capital as servicer for Housing Opportunity Partners REO, LLC. (related document(s)10). |

| | | | |
|---|---|---|---|
| | | | **Modified to reflect correct party creditor (R., Sara)** (Entered: 06/15/2018) |
| 06/20/2018 | | [11](#) | Disclosure of Compensation of Attorney for Debtor in the amount of 3500.00 Debtor Marianne Mehalshick Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/20/2018) |
| 06/20/2018 | | [12](#) | Schedules A/B − J Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/20/2018) |
| 06/20/2018 | | [13](#) | Summary of Assets and Liabilities and Certain Statistical Information Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/20/2018) |
| 06/20/2018 | | [14](#) | Declaration About Individual Debtor's Schedules Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/20/2018) |
| 06/20/2018 | | [15](#) | Statement of Financial Affairs for Individual Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/20/2018) |
| 06/29/2018 | | [16](#) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C−1. Disposable Income Is Not Determined Filed by STEPHEN G. BRESSET on behalf of Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/29/2018) |
| 06/29/2018 | | [17](#) | Chapter 13 Plan Filed by Marianne Mehalshick. (BRESSET, STEPHEN) (Entered: 06/29/2018) |
| 07/09/2018 | | [18](#) | Motion for Relief from Stay *re: 234 James Avenue a/k/a RD 1 Lot #5 Jamond Estates, Northampton, PA 18067*. Fee Amount $181.00, Filed by Housing Opportunity Partners REO, LLC Represented by KEVIN G. MCDONALD (Counsel). Objections due by 7/24/2018. (Attachments: # [1](#) Exhibit A # [2](#) Proposed Order # [3](#) Certificate of Service) (MCDONALD, KEVIN) (Entered: 07/09/2018) |
| 07/09/2018 | | [19](#) | Notice of (related document(s): [18](#) Motion for Relief from Stay *re: 234 James Avenue a/k/a RD 1 Lot #5 Jamond Estates, Northampton, PA 18067*. Fee Amount $181.00,) Filed by Housing Opportunity Partners REO, LLC. Hearing scheduled 8/1/2018 at 09:30 AM at mad − Courtroom 1, Third Floor (Reading Court). (Attachments: # [1](#) Certificate of Service) (MCDONALD, KEVIN) (Entered: 07/09/2018) |
| 07/09/2018 | | | Receipt of Motion for Relief From Stay(18−13758−ref) [motion,mrlfsty] ( 181.00) Filing Fee. Receipt number 20362006. Fee Amount $ 181.00. (re: Doc# [18](#)) (U.S. Treasury) (Entered: 07/09/2018) |
| 07/18/2018 | | 20 | Case reassigned to Trustee William C. Miller Involvement of Trustee Frederick L. Reigle Terminated . (A., Clarice) (Entered: 07/18/2018) |
| 07/24/2018 | | [21](#) | Meeting of Creditors. The Debtor has filed a Plan. This Plan proposes payment to the trustee of $566.00 per month for 60 months. Filed by WILLIAM MILLER*R. 341(a) meeting to be held on 8/21/2018 at 01:30 PM at Bar Association of Lehigh County. Objection to Dischargeability of Certain Debts due: 10/20/2018. Proofs of Claims due by 8/15/2018. Government Proof of Claim Deadline: 12/3/2018.Confirmation Hearing |

| | | | |
|---|---|---|---|
| | | | scheduled 10/4/2018 at 09:00 AM at mad − Courtroom 1, Third Floor (Reading Court). (MILLER*R, WILLIAM) (Entered: 07/24/2018) |
| 07/24/2018 | | 22 | Response to Motion for Relief From Stay filed by Creditor Housing Opportunity Partners REO, LLC Filed by Marianne Mehalshick (related document(s)18). (BRESSET, STEPHEN) (Entered: 07/24/2018) |
| 07/26/2018 | | 23 | BNC Certificate of Mailing − Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 21)). No. of Notices: 14. Notice Date 07/26/2018. (Admin.) (Entered: 07/27/2018) |
| 08/01/2018 | | | Hearing Continued on 18 Motion for Relief from Stay *re: 234 James Avenue a/k/a RD 1 Lot #5 Jamond Estates, Northampton, PA 18067* Filed by Housing Opportunity Partners REO, LLC Represented by KEVIN G. MCDONALD (Counsel). Hearing scheduled 8/16/2018 at 09:30 AM at mad − Courtroom 1, Third Floor (Reading Court). (S., Barbara) (Entered: 08/01/2018) |
| 08/15/2018 | | 24 | Motion to Continue Hearing On Motion for Relief From Stay Filed by Marianne Mehalshick Represented by STEPHEN G. BRESSET (Counsel) (related document(s)18). (BRESSET, STEPHEN) (Entered: 08/15/2018) |
| 08/16/2018 | | 25 | Hearing Held on Motion for Relief from Stay re: 234 James Avenue a/k/a RD 1 Lot #5 Jamond Estates, Northampton, PA 18067 Filed by Housing Opportunity Partners REO, LLC Represented by KEVIN G. MCDONALD(related document(s),18). Order Entered Granting Motion. (R., Sara) (Entered: 08/16/2018) |
| 08/16/2018 | | 26 | Order Granting Motion for Relief from stay re: 234 James Avenue a/k/a RD 1 Lot #5 Jamond Estates, Northampton, PA 18067 Filed by Housing Opportunity Partners REO, LLC Represented by KEVIN G. MCDONALD (Related Doc # 18) (R., Sara) (Entered: 08/16/2018) |
| 08/18/2018 | | 27 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 26)). No. of Notices: 1. Notice Date 08/18/2018. (Admin.) (Entered: 08/19/2018) |
| 08/22/2018 | | 28 | Meeting of Creditors Not Held *due to failure of Debtor(s) to appear on 8/21/18.* (MILLER*R, WILLIAM) (Entered: 08/22/2018) |
| 08/27/2018 | | 29 | Motion to Dismiss Case for Failure to Make Plan Payments , Motion to Dismiss Case. Motion to Dismiss **with Prejudice** for failure to appear Filed by WILLIAM MILLER*R Represented by WILLIAM MILLER*R (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (MILLER*R, WILLIAM) *Modified on 8/28/2018 (R., Sara).* (Entered: 08/27/2018) |
| 08/27/2018 | | 30 | Notice of (related document(s): 29 Motion to Dismiss Case for Failure to Make Plan Payments ) *Motion, Response Deadline and Hearing Date* Filed by WILLIAM MILLER*R. Hearing scheduled 9/13/2018 at 09:00 AM at mad − Courtroom 1, Third Floor (Reading Court). (MILLER*R, WILLIAM) (Entered: 08/27/2018) |
| 08/28/2018 | | | Corrective Entry re: Motion to Dismiss Case for Failure to Make Plan Payments , Motion to Dismiss Case. Motion to Dismiss with Prejudice for failure to appear Filed by WILLIAM MILLER*R Represented by WILLIAM MILLER*R (related document(s)29). **modified to remove "feasibility & underfunding" (R., Sara)** (Entered: 08/28/2018) |

| | | | |
|---|---|---|---|
| 08/30/2018 | | 31 | Motion to Reconsider August 16, 2018 Order Filed by Marianne Mehalshick Represented by Self(Counsel) (related document(s)26) . (Attachments: # 1 Certificate of Service # 2 Certificate of Service # 3 Exhibit) (R., Sara) (Entered: 08/30/2018) |
| 08/30/2018 | | 32 | Notice of (related document(s): 31 Motion to Reconsider August 16, 2018 Order Filed by Marianne Mehalshick Represented by Self) Filed by Marianne Mehalshick . Hearing scheduled 9/27/2018 at 09:30 AM at mad − Courtroom 1, Third Floor (Reading Court). (R., Sara) (Entered: 08/30/2018) |
| 09/10/2018 | | 33 | Response to Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM MILLER*R, Motion to Dismiss Case for Other Filed by Marianne Mehalshick (related document(s)29). (BRESSET, STEPHEN) (Entered: 09/10/2018) |
| 09/12/2018 | | 34 | Response to Motion to Reconsider and AFFIRMATIVE DEFENSES filed by Debtor Marianne Mehalshick Filed by Housing Opportunity Partners REO, LLC (related document(s)31). (Attachments: # 1 Exhibit "A" # 2 Exhibit "B" # 3 Exhibit "C" # 4 Exhibit "D" # 5 Service List) (SOLARZ, REBECCA) Modified on 9/12/2018 (R., Sara). (Entered: 09/12/2018) |
| 09/12/2018 | | 35 | Amended Certificate of Service *re: Response to Motion to Reconsider* Filed by REBECCA ANN SOLARZ on behalf of Housing Opportunity Partners REO, LLC (related document(s)34). (SOLARZ, REBECCA) (Entered: 09/12/2018) |
| 09/13/2018 | | | Hearing Continued on 29 Motion to Dismiss Case for Failure to Make Plan Payments , Motion to Dismiss Case; Motion to Dismiss **with Prejudice** for failure to appear filed by Trustee WILLIAM MILLER*R. Hearing scheduled 10/25/2018 at 09:00 AM at mad − Courtroom 1, Third Floor (Reading Court). (S., Barbara) (Entered: 09/13/2018) |
| 09/27/2018 | | 36 | Hearing Held on 31 Motion to Reconsider August 16, 2018 Order Filed by Marianne Mehalshick Represented by Self. Order Entered Denying Motion. (R., Sara) (Entered: 09/27/2018) |
| 09/27/2018 | | 37 | Order Denying Motion to Reconsider August 16, 2018 Order Filed by Marianne Mehalshick Represented by Self (Related Doc # 31) (R., Sara) (Entered: 09/27/2018) |
| 09/29/2018 | | 38 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 37)). No. of Notices: 1. Notice Date 09/29/2018. (Admin.) (Entered: 09/30/2018) |
| 10/04/2018 | | | Hearing Continued on Confirmation. Hearing scheduled 11/29/2018 at 09:00 AM at mad − Courtroom 1, Third Floor (Reading Court). (S., Barbara) (Entered: 10/09/2018) |
| 10/09/2018 | | 39 | Notice of Appeal to District Court filed by Marianne Mehalshick re Order dated September 27, 2018. Manual Receipt Number 10898, Fee Amount $298.00 (related document(s)37). Appellant Designation due by 10/23/2018. Transmission of record on appeal to District Court Due Date:11/6/2018. (Attachments: # 1 Certificate of Service)(L., Denise) (Entered: 10/09/2018) |
| 10/09/2018 | | 40 | Court's Certificate of Mailing re Notice of Appeal to District Court. Number of notices: 10− CC to Judge Richard E. Fehling; Electronic |

| | | | |
|---|---|---|---|
| | | | Service to Stephen Bressett, Counsel for Debtor, Rebecca Solarz, Esq. − Atty for Creditor Green River Capital & Housing Opportunity Partners REO, LLC, Matthew K. Fissel, Esq. − Atty for Creditor Housing Opportunity Partners REO, LLC, Kevin McDonald, Esq. − Atty for Creditor Housing Opportunity Partners REO, LLC, U.S. Trustee, District Court,Dave P. Adams, Esq. for U.S. Trustee, William Miller, Ch. 13 Trustee; Mailed copies to Marianne Mehalshick − Debtor. Service made 10/9/18 by the Court. (related document(s)39). (L., Denise) Additional attachment(s) added on 10/9/2018 (L., Denise). (Entered: 10/09/2018) |
| 10/09/2018 | | | Corrective Entry re: Court's Certificate of Mailing re Notice of Appeal to District Court to include Certificate of Service (related document(s)40). (L., Denise) (Entered: 10/09/2018) |
| 10/09/2018 | | 41 | Electronic Transmission of to District Court re: Notice of Appeal (related document(s)39). (H., Lisa) (Entered: 10/09/2018) |
| 10/10/2018 | | | Receipt Number 20078053, Fee Amount $298.00 (related document(s)39Notice of Appeal to District Court filed by Marianne Mehalshick). (B., Keith) (Entered: 10/10/2018) |
| 10/10/2018 | | 42 | Notice of Docketing Record on Appeal to District Court. Case Number: CV 18−4354, Assigned to Judge Schiller. Received on 10/9/18 by S. Tomas. (related document(s)39). (H., Lisa) (Entered: 10/11/2018) |
| 10/15/2018 | | 43 | Opinion in Support of September 27, 2108 Order Denying Debtor's Motion to Reconsider. (related document(s)37). (R., Sara) (Entered: 10/15/2018) |
| 10/17/2018 | | 44 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 43)). No. of Notices: 1. Notice Date 10/17/2018. (Admin.) (Entered: 10/18/2018) |
| 10/25/2018 | | 45 | Hearing Held on Motion to Dismiss Case for Failure to Make Plan Payments , Motion to Dismiss Case. Motion to Dismiss with Prejudice for failure to appear Filed by WILLIAM MILLER*R Represented by WILLIAM MILLER*R (related document(s),29). Stipulation filed and signed today. (R., Sara) (Entered: 10/25/2018) |
| 10/25/2018 | | 46 | Stipulation and Order Entered re: Motion to Dismiss Case for Failure to Make Plan Payments/Motion to Dismiss with Prejudice for failure to appear Filed by WILLIAM MILLER*R Represented by WILLIAM MILLER*R (related document(s)29). WHEREFORE, Debtor and the Chapter 13 Trustee respectfully request this HonorableCourt to enter an Order, approving this Stipulation, and continuing the Trustees Motion to Dismiss with the understanding that should the debtor not attend the next scheduled meeting of creditors, or the meeting is not concluded for any reason due to the Debtors fault, the Trustee will be allowed to seek dismissal with prejudice of the within case. (R., Sara) (Entered: 10/25/2018) |
| 10/27/2018 | | 47 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 46)). No. of Notices: 1. Notice Date 10/27/2018. (Admin.) (Entered: 10/28/2018) |
| 11/14/2018 | | 48 | Meeting of Creditors Continued. Reason for continuance:.. 341(a) meeting to be held on 12/11/2018 at 02:30 PM at Bar Association of Lehigh County. (MILLER*R, WILLIAM) (Entered: 11/14/2018) |

| 11/29/2018 | | | Hearing Continued on Confirmation. Hearing scheduled 12/20/2018 at 09:00 AM at mad − Courtroom 1, Third Floor (Reading Court). (S., Barbara) (Entered: 11/29/2018) |
|---|---|---|---|

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  Marianne Mehalshick | CHAPTER 13 |
| Debtor(s) | |
| | |
| HOUSING OPPORTUNITY PARTNERS REO, LLC | |
| Respondent | |
| vs. | |
| | NO. 18-13758 REF |
| Marianne Mehalshick | |
| Debtor(s) | |
| | |
| Frederick L. Reigle Esq. | |
| Trustee | 11 U.S.C. Section 362 |

**ORDER**

AND NOW, this **27** day of **September**, 2018, upon review of Debtor's Motion for Reconsideration as to the Stay Relief Order Granted August 16, 2018, and HOUSING OPPORTUNITY PARTNERS REO, LLC's Response hereto, it is ORDERED AND DECREED that:

Debtor's Motion for Reconsideration is hereby **DENIED**; and it is further ORDERED AND DECREED that The Stay Relief Order from August 16, 2018 remains in effect as to the ejectment action regarding the premises 234 James Avenue a/k/a RD 1 Lot #5 Jamond Estates Northampton, PA 18067. Furthermore, further bankruptcy filings by either Debtor(s) and/or Occupants will not prevent the Moving Party from proceeding with its ejectment action. The stay provided by Bankruptcy Rule 4001(a)(3) has been waived.

This Order is considered a final disposition of the Motion for Relief originally filed by HOUSING OPPORTUNITY PARTNERS REO, LLC.

_____
United States Bankruptcy Judge.

8

FILED

2018 OCT -9 PM 1:59

U.S. BANKRUPTCY COURT

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:   Marianne Mehalshick | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| HOUSING OPPORTUNITY PARTNERS REO, LLC | : | NO. 18-13758 REF |
| | : | |
| Respondent | : | |
| v. | : | |
| | : | |
| Marianne Mehalshick | : | |
| Debtor | : | 11 U.S.C. Section 362 |
| Fredrick L. Reigle, Esq. | : | |
| Trustee | : | |

## NOTICE OF APPEAL

MARIANNE MEHALSHICK, Debtor, hereby appeals under 28 U.S.C. §158(a) or (b)

from the judgment, order or decree of the Honorable Richard E. Fehling, U.S. Bankruptcy Judge

for the Eastern District of Pennsylvania, entered on September 27, 2018, which denied

Reconsideration of his Order granting Relief from Stay in favor of Housing Opportunity Partners

REO, LLC, the Respondent.

The names of all parties to the Order appealed from and the names and addresses are as

follows:

**Defendant/Debtor**

Marianne Mehalshick
234 James Avenue
Northampton, PA 18067-9752

**Debtor's Attorneys**

Bresset & Santora, LLC
606 Church Street
Honesdale, PA 18431

9

**Respondent**

Housing Opportunity Partners REO, LLC
c/o KML LAW GROUP, P.C.
Suite 5000
701 Market Street
Philadelphia, PA 19106-1532

**Respondent's Attorney**

KML LAW GROUP, P.C.
Attn: Matthew K. Fissel, Esq.
Suite 5000
701 Market Street
Philadelphia, PA 19106-1532

Attached hereto is a true and correct copy of the Order issued in this matter.

Respectfully submitted:

Marianne Mehalshick
Debtor

*2*

10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Marianne Mehalshick <br> Debtor(s) | CHAPTER 13 |
| HOUSING OPPORTUNITY PARTNERS REO, LLC <br> Respondent | |
| vs. | NO. 18-13758 REF |
| Marianne Mehalshick <br> Debtor(s) | |
| Frederick L. Reigle Esq. <br> Trustee | 11 U.S.C. Section 362 |

**ORDER**

AND NOW, this **27** day of **September**, 2018, upon review of Debtor's Motion for Reconsideration as to the Stay Relief Order Granted August 16, 2018, and HOUSING OPPORTUNITY PARTNERS REO, LLC's Response hereto, it is ORDERED AND DECREED that:

Debtor's Motion for Reconsideration is hereby **DENIED**; ~~and it is further ORDERED AND DECREED that The Stay Relief Order from August 16, 2018 remains in effect as to the ejectment action regarding the premises 234 James Avenue a/k/a RD 1 Lot #5 Jamond Estates Northampton, PA 18067. Furthermore, further bankruptcy filings by either Debtor(s) and/or Occupants will not prevent the Moving Party from proceeding with its ejectment action. The stay provided by Bankruptcy Rule 4001(a)(3) has been waived.~~

This Order is considered a final disposition of the Motion for Relief originally filed by HOUSING OPPORTUNITY PARTNERS REO, LLC.

_____
United States Bankruptcy Judge.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE: | Marianne Mehalshick | : | CHAPTER 13 |
| | Debtor | : | |
| | | : | |
| HOUSING OPPORTUNITY PARTNERS REO, LLC | | : | NO. 18-13758 REF |
| | | : | |
| | Respondent | : | |
| v. | | : | |
| | | : | |
| Marianne Mehalshick | | : | |
| | Debtor | : | 11 U.S.C. Section 362 |
| Fredrick L. Reigle, Esq. | | : | |
| | Trustee | : | |

## CERTIFICATE OF SERVICE

I, Marianne Mehalshick, hereby certifies that on October 9, 2018, I have served the

Notice of Appeal, for the above referenced matter, via first class mail to the following:

Housing Opportunity Partners REO, LLC
c/o KML LAW GROUP, P.C.
Suite 5000
701 Market Street
Philadelphia, PA 19106-1532

KML LAW GROUP, P.C.
Attn: Matthew K. Fissel, Esq.
Suite 5000
701 Market Street
Philadelphia, PA 19106-1532

Honorable Richard E. Fehling Chambers
The Madison Building
400 Washington Street, Suite 301
Reading, PA 19601

U.S. BANKRUPTCY COURT
2018 OCT -9 PM 1:59
FILED

Respectfully submitted:

Marianne Mehalshick
Marianne Mehalshick

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  MARIANNE MEHALSHICK,           :        Case No. 18-13758REF
        Debtor                         :        Chapter 13

# OPINION IN SUPPORT OF SEPTEMBER 27, 2018 ORDER DENYING DEBTOR'S MOTION TO RECONSIDER

On July 9, 2018, Housing Opportunity Partners REO, LLC ("HOP"),

filed its Motion for Relief from the automatic stay. On July 24, 2018, Debtor's

counsel filed Debtor's opposition to the Motion for Relief. In her response to

paragraph 4, Debtor denied as a legal conclusion that HOP is the legal owner of the

property at issue. This issue, however, was not seriously in dispute. The sheriff

granted a deed to HOP and HOP recorded the sheriff's deed on September 17,

2013. In Debtor's response to the Motion for Relief, moreover, Debtor admitted

that (1) HOP had moved for possession of the property at issue in 2014[1] and (2) on

April 19, 2016, the state court entered judgment for possession in favor of HOP

and against Debtor.[2] Finally, Debtor also admitted that an ejectment proceeding

against her had been scheduled to commence on May 24, 2016.[3] Debtor admitted

that she had appealed to the Superior Court of Pennsylvania the ultimate judgment

---

[1]      Thereby effectively acknowledging that HOP had obtained the judgment against Debtor, had obtained the deed from the sheriff, and owned the property.

[2]      See fn. 1.

[3]      See fn. 1.

1

13

against her for possession of the property. On June 8, 2018, the Superior Court

denied Debtor's appeal, and the Court certified that Debtor's appeal was

discontinued on July 6, 2018. Also on July 6, 2018, Debtor filed her petition

initiating her bankruptcy.[4]

HOP's Motion for Relief was originally scheduled to be heard on

August 1, 2018. The hearing was continued to August 16, 2018 at the request of

the parties. The day before the continued hearing, Debtor's counsel filed a written

request to continue the hearing because Debtor had told them only that day that the

sheriff's sale had been obtained through alleged fraud and other illegal conduct by

HOP's counsel. Counsel made no explanation of why Debtor had not given the

information to either the Court or counsel or both at the start of the case in June

2018. Neither did counsel explain why the alleged conduct had not been presented

to the state court that had entered the orders.[5] Neither did counsel explain why their

response to the Motion for Relief contained no mention whatsoever about the

alleged fraud. The source and sole basis of the allegation of HOP's bad conduct

was Debtor, whom counsel could have presented as a witness at the hearing

---

[4]     This was not Debtor's first bankruptcy. She has filed the following eight bankruptcies: Nos. 98-
24501 (dismissed), 00-24039 (dismissed), 03-22068 (dismissed), 06-21732 (dismissed), 07-21329
(dismissed), 10-23525 (dismissed), 12-12268 (dismissed), and 18-13758 (this case – the Trustee's
pending motion to dismiss this case is awaiting resolution of this dispute).
[5]     HOP later revealed, in the hearing on the Motion To Reconsider, that Debtor's claim of fraud had
been presented to the Pennsylvania Superior Court, which considered it and then rejected Debtor's appeal.

2

14

scheduled the next day. I considered and then denied counsel's request for a
continuance.

On August 16, 2018, I conducted a hearing on the Motion for Relief.
Both Debtor's counsel and HOP's counsel appeared by telephone and made it clear
that the hearing was procedurally more of an argument. I agreed. Debtor did not
attend the hearing, but I reiterate that her counsel did appear by telephone. I
considered the information and arguments presented by both counsel, made my
decision, and signed my Order granting HOP's Motion for Relief that day.

Debtor filed her pro se (counsel apparently had nothing to do with it)
Motion To Reconsider my August 16 Order on August 30, 2018; HOP responded
on September 10, 2018, by opposing reconsideration. I conducted the hearing on
Debtor's Motion To Reconsider on September 27, 2018, after which I entered my
Order denying Debtor's Motion. On October 9, 2018, Debtor filed her pro se
(again, counsel apparently has nothing to do with it) appeal from my denial of her
pro se Motion To Reconsider. I file this brief Opinion pursuant to Local
Bankruptcy Rule 8003-1 in support of my September 27, 2018 Order denying
Debtor's Motion To Reconsider.

During the September 27 hearing, Debtor made two arguments. First,
she stated repeatedly that she wanted the automatic stay reimposed so she could

3

15

have an opportunity to litigate her argument in state court. She described how the

state court foreclosure judgment entered against her was fraudulently obtained. I

responded to Debtor's statements by advising her that, because the automatic stay

had been terminated by my August 16, 2018 Order, she was free to raise any and

all of her arguments in the state court without the need for further action by me.[6]

Her second argument was to have me hear the merits of her fraud claims and

substitute my judgment for that of the state court judges.

Both Debtor and counsel for HOP advised me during the September

27 hearing that the mortgage foreclosure complaint had been filed sometime in

2006. The parties have been litigating this matter in one form and forum or another

for the 12 years following that date. In addition, counsel for HOP stated without

contradiction that Debtor had defaulted in her mortgage in 2004 and was

delinquent on her mortgage continuously for 14 years. Counsel for HOP also stated

that Debtor had raised her claim that the foreclosure judgment was fraudulently

obtained in her Superior Court appeal. Debtor disputed this statement. Counsel for

HOP produced a copy of Debtor's Superior Court brief that her counsel had filed.

The brief was Exhibit A attached to HOP's response to the Motion To Reconsider,

see Brief For Appellant, Marianne Mehalshick, et. al., 1465 EDA 2016, filed with

---

[6]    Because Debtor is free to return to state court to raise this issue, and any other issue, without
further intervention by me, there was and is no need for me to reconsider my September 27 Order on that
basis.

4

the Pennsylvania Superior Court, at pp. 16-17. This exhibit clearly corroborated counsel's claim that the allegation of fraud had been presented to the Superior Court. The Superior Court rejected Debtor's appeal in its Judgment Order filed on June 8, 2017, finding that Debtor had waived her right to raise the issues argued in her appeal.

Debtor was seeking to have me act as an appellate court to reverse the decisions of the state trial court and the Superior Court. I advised the parties during the September 27 hearing that I lacked jurisdiction, pursuant to the <u>Rooker-Feldman</u> doctrine, to entertain Debtor's request.[7] <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, (1923). <u>See</u> <u>Gage v. Wells Fargo Bank</u>, 521 Fed. Appx. 49, 50-51 (3d Cir. 2013)(bankruptcy court lacks jurisdiction under <u>Rooker-Feldman</u> doctrine to rule on a debtor's claim that a state court foreclosure judgment was fraudulently obtained); <u>Great Western Mining and Mineral Co. v. Fox Rothschild, LLP.</u>, 615 F.3d 159, 166 (3d Cir. 2010).  I therefore denied Debtor's Motion To Reconsider and signed the September 27, 2018 Order at the conclusion of the hearing. As I had explained to Debtor, she remains unconstrained by the Bankruptcy Code from

---

[7]      I also stated that collateral estoppel and res judicata might also bar the relief Debtor is seeking. The record before me at the hearing, however, was insufficient for me to fully and properly analyze those issues. Any such analysis would have been improper because I lack jurisdiction under the <u>Rooker-Feldman</u> doctrine to consider Debtor's request for relief.

returning to the state court to raise any issues relating to the alleged fraud relating to the mortgage foreclosure judgment. Beyond that, she is permitted to press any other issue in state court at this time, because I granted relief from the automatic stay in my August 16, 2018 Order.

I enter this Opinion in support of my September 27, 2018 Order denying Debtor's Motion To Reconsider.[8] Rooker-Feldman barred and bars me from hearing Debtor's claims because: (1) Debtor lost in state court; (2) Debtor complains of an injury caused by the state court judgment; (3) the state court judgment was rendered before the bankruptcy case was filed; and (4) Debtor invites me to review and reject the state court decisions. Gage, 521 Fed. Appx. 50-51; Great Western, 615 F.3d at 166. Debtor may, however, raise her claims in state court without the need for further intervention by me.[9]

DATE: October 12, 2018

BY THE COURT

RICHARD E. FEHLING
Chief United States Bankruptcy Judge

---

[8]    I had addressed and questioned Debtor at length during the hearing on her Motion To Reconsider about her raising these issues in state court and my inability to act as an appellate court overseeing the state court decisions. The transcript of the hearing will reveal further support for the September 27 Order in my colloquy and questioning the parties. No written transcript of the hearing has been prepared, but we listened to the oral record of the hearing.

[9]    I have stated that Debtor has the right to return to state court to press her claims in defense of HOP's further efforts to obtain her property. By that statement, I do not mean to say that I have evaluated in any respect whether Debtor's claims of fraud do or do not have any merit whatsoever. I have made no such determination.

6

18